**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION**

---

**DR. MARIE N. FEAGINS,**

**Plaintiff,**

**v.** **Case No: 2:26-cv-02292-BCL-atc**

**JURY DEMANDED**

**SHELBY COUNTY BOARD OF EDUCATION d/b/a MEMPHIS-SHELBY COUNTY SCHOOLS; and TOWANNA MURPHY, in her individual capacity,**

**Defendants.**

---

**DEFENDANT SHELBY COUNTY BOARD OF EDUCATION'S AND DEFENDANT TOWANNA MURPHY'S JOINT REPLY IN SUPPORT OF THEIR RESPECTIVE MOTIONS TO DISMISS PLAINTIFF DR. MARIE N. FEAGINS' FIRST AMENDED COMPLAINT AND JURY DEMAND**

---

**COMES NOW**, Defendant Shelby County Board of Education ("SCBOE") and Defendant Towanna Murphy ("Defendant Murphy") (collectively referred to hereinafter as "Defendants"), by and through undersigned counsel of record, and files this Joint Reply in Support of their Respective Motions to Dismiss Plaintiff Dr. Marie N. Feagins' ("Plaintiff") First Amended Complaint and Jury Demand ("Amended Complaint"). In support of their Reply, Defendants show to the Court as follows:

## I. INTRODUCTION

The claims asserted in Plaintiff's Amended Complaint fail as a matter of law for the reasons set forth in Defendants' respective Motions to Dismiss. Plaintiff's Response does nothing to alter that inescapable conclusion.

First, all of Plaintiff's claims are time-barred. With respect to Plaintiff's Title VII claims, regardless of the allegations in the Amended Complaint, the Notice of Right to Sue conclusively demonstrates that Plaintiff failed to commence this action within the applicable limitations period. Plaintiff's remaining constitutional claims are likewise untimely. Although Plaintiff amended her original Complaint in an effort to suggest that the factual basis for those claims extended beyond the date of her termination, artful pleading cannot change the dispositive fact: Plaintiff filed her original Complaint more than one year after her termination from SCBOE. Those claims are therefore time-barred as well.

Second, Plaintiff's claims are independently subject to dismissal because the Amended Complaint is facially deficient. It fails to allege sufficient facts to state any plausible claim for relief. As explained in detail below, Plaintiff's arguments to the contrary are unavailing.

Finally, even if Plaintiff had alleged otherwise viable claims—and she has not—Defendant Murphy would be entitled to qualified immunity. The Amended Complaint contains no factual allegations plausibly establishing that Defendant Murphy violated any clearly established constitutional right held by Plaintiff.

## II. LEGAL ANALYSIS

### A. All of Plaintiff's Claims are Time-Barred.

*Title VII Claims*

Plaintiff's Title VII claims are time-barred, as it is undisputed that the Equal Employment Opportunity Commission ("EEOC") issued its Notice of Right to Sue ("Notice") on December 11, 2025; thus, in the Sixth Circuit, Plaintiff had 95 days to initiate her Title VII claims. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) ("The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a [right-to-sue] notification . . ."). Plaintiff did not file this litigation until March 19, 2026 – or 98 days after the EEOC issued the Notice of Right to Sue.[1] Thus, Plaintiff's Title VII claims are time-barred.

Plaintiff's Response does not alter that conclusion. Plaintiff contends that she did not receive the Notice until December 19, 2025, but she identifies no affidavit, declaration, postal record, envelope, tracking information, or other evidence supporting that assertion. Allegations in the Amended Complaint and unsworn representations in a response brief are not evidence and cannot rebut the Sixth Circuit's five-day presumption of receipt. *See Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir. 1987); *Schluter v. Encore Rehab. Servs.*, Civil Action No. 19-cv-13092, 2020 U.S. Dist. LEXIS 209916, at *12 (E.D. Mich. Oct. 20, 2020) ("In order to rebut the five-day presumption, a plaintiff must set forth sufficient proof that she did not receive the right-to-sue letter within the five-day period, and her own unsupported assertions do not carry this burden").

[1] *See* Doc. 1, Plaintiff's Complaint; and Doc. 17-2, EEOC Notice of Right to Sue.

Accordingly, Plaintiff has failed to rebut the presumption that she received the Notice on December 16, 2025. The Court should therefore dismiss her Title VII claims as time-barred.

*42 U.S.C § 1983 Name-Clearing and Sex Discrimination Claims*

With respect to Plaintiff's § 1983 claims, it is undisputed that: (1) those claims are governed by a one-year statute of limitations; (2) SCBOE terminated Plaintiff's employment contract on January 21, 2025; and (3) Plaintiff did not commence this action until March 19, 2026—more than one year later. Accordingly, Plaintiff's §1983 claims are time-barred.

Plaintiff appears to concede that any §1983 claim accruing before January 21, 2025, is untimely.[2] She nevertheless attempts to avoid dismissal by arguing that her constitutional sex-discrimination and name-clearing claims accrued after March 2025, when she was no longer employed by SCBOE.[3] Plaintiff relies on allegations regarding the post-termination disclosure or withholding of "information" to keep her claims alive.

Those allegations do not salvage Plaintiff's constitutional sex-discrimination claim. Conduct involving the withholding or disclosure of unspecified "information" after Plaintiff's employment ended does not establish that her earlier termination was based on sex, nor does it restart the limitations period applicable to that termination-based claim.[4] Plaintiff cannot revive an otherwise untimely discrimination claim merely by pointing to later alleged conduct unrelated to the allegedly discriminatory employment decision.

Plaintiff's attempt to preserve her name-clearing claim fares no better. The Amended Complaint alleges that Plaintiff requested a name-clearing hearing on December 17, 2024, and that

---

[2] *See* Doc. 23; PageID 195-96; Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motion to Dismiss.

[3] *See* Doc. 23; PageID 196; Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motion to Dismiss.

[4] *See* Doc. 15; PageID 93; 100; Plaintiff's First Amended Complaint and Jury Demand.

SCBOE denied that request the same day.[5] Thus, according to Plaintiff's own allegations, her name-clearing claim accrued no later than December 17, 2024, and the one-year limitations period expired on December 17, 2025. Because Plaintiff did not file her original Complaint until March 19, 2026, the name-clearing claim is likewise time-barred.

**B. Plaintiff's Claims Fail as a Matter of Law.**

*Sex Discrimination (Title VII and § 1983)*

Plaintiff advances three arguments in an effort to salvage her sex-discrimination claim. None is persuasive.

First, although Defendants concede that Plaintiff's termination constitutes an adverse employment action, Plaintiff separately contends that SCBOE's decisions not to offer her severance pay and not to provide her with a security detail also qualify as adverse employment actions. They do not. An employer's discretionary decision not to provide severance benefits to a former employee is not an adverse employment action. *See EEOC v. Sundance Rehab. Corp.*, 466 F.3d 490, 502 (6th Cir. 2006); *Kelly v. First Data Corp.*, No. 1:19-cv-372, 2020 U.S. Dist. LEXIS 13239, at *57 (S.D. Ohio Jan. 27, 2020). Plaintiff's security-detail theory fares no better. She identifies no policy, contract, regulation, or other source that entitled her to a security detail following her termination. *Id.* Absent any allegation that she was denied a benefit to which she was entitled, the denial of a security detail does not constitute an adverse employment action.

Second, despite Plaintiff's arguments to the contrary, the Amended Complaint does not identify a suitable comparator. The Amended Complaint names Dr. Joris Ray ("Dr. Ray") and John Barker ("Mr. Barker") and includes allegations concerning their purported misconduct, but it does not describe the conduct or circumstances that led to Plaintiff's own termination. That omission is

[5] *See* Doc. 15; PageID 103; Plaintiff's First Amended Complaint and Jury Demand.

dispositive. Without allegations identifying SCBOE's reasons for terminating Plaintiff, the Court cannot determine whether Dr. Ray or Mr. Barker engaged in misconduct of comparable seriousness or was otherwise similarly situated to Plaintiff in all relevant respects. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992) (holding that a plaintiff must show that a proposed comparator is similarly situated in all relevant respects, including that the comparator engaged in misconduct of comparable seriousness).

Lastly, Plaintiff argues that the Court should not take judicial notice of Dr. Ray's severance agreement or SCBOE's article regarding Mr. Barker. However, this Court can take judicial notice of public records and the statements within them if they are not subject to reasonable dispute. *See Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023). The terms included within Dr. Ray's severance agreement and SCBOE's public article regarding Mr. Barker cannot reasonably be questioned, particularly in light of the fact that they were drafted well before SCBOE terminated Plaintiff's employment.

*Retaliation*

Plaintiff's retaliation claim fails because the Amended Complaint does not allege that she opposed—or even communicated a belief that she was opposing—an unlawful employment practice. *See Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989). At most, Plaintiff alleges that she objected to SCBOE's Board Members' supervision and believed that they "interfered with her authority."[6] But complaints about supervisory oversight, internal authority, or workplace hierarchy do not become protected activity merely because the employee is dissatisfied with them. The Amended Complaint identifies no statement by Plaintiff linking the

[6] This argument is akin to an associate at a law firm claiming that the Senior Partner under whom he works is somehow interfering with the associate's authority. Such an argument is inherently illogical and simply does not make sense.

Board Members' alleged interference to discrimination or any other unlawful employment practice. Her allegations therefore describe an ordinary workplace grievance and cannot support a retaliation claim.

<u>*Hostile Work Environment*</u>

Plaintiff's arguments to salvage her hostile work environment claim are futile. The Amended Complaint simply does not state a viable hostile work environment claim, because, even if, SCBOE disclosed Plaintiff's home address, withdrew her security detail, publicly and privately undermined her, and circulated defamatory material about her, the Amended Complaint does not contain any allegations to suggest that she was subjected to the foregoing "parade of horribles" because of her sex. *See Peake v. Brownlee*, 339 F. Supp. 2d 1008, 1017–20 (M.D. Tenn. 2003) (dismissing hostile work environment claim, *inter alia*, because there were no sexual propositions, sexual touching, or statements made by the defendant suggesting an animus against women).

In addition, the Amended Complaint fails to demonstrate that Plaintiff was subjected to a hostile work environment, which, in the Sixth Circuit, requires Plaintiff to clear a high bar. The Amended Complaint's allegations fail to clear that bar. *See Arnold v. City of Columbus*, No. 2:08-cv-0031, 2011 U.S. Dist. LEXIS 35807, at *65 (S.D. Ohio Mar. 31, 2011) (finding that the plaintiff was not subjected to a hostile work environment even though she alleged that the defendant disclosed defamatory information about her to the media).

Accordingly, because the Amended Complaint fails to allege either that the challenged conduct occurred because of Plaintiff's sex or that it was sufficiently severe or pervasive, Plaintiff's hostile work environment claim should be dismissed.

*Name Clearing Claim*

The vitality of Plaintiff's § 1983 name-clearing claim boils down to whether the hearing provided by SCBOE was constitutionally sufficient, as the Amended Complaint concedes that she was given an opportunity to read a prepared statement at a public meeting to refute the allegations contained in the Resolution terminating her employment.

Plaintiff contends that she was entitled to a hearing in which she could present evidence and ask and respond to questions. However, Plaintiff's preferred format is not constitutionally required, as all that is mandated by due process is a meaningful opportunity to address and refute the stigmatizing charges. *See Chilingirian v. Boris*, 882 F.2d 200, 206 (6th Cir. 1989) (dismissing name-clearing claim even though the plaintiff was not able to question the council members because he was given a sufficient length of time to make a public statement).

**C. Defendant Murphy is Entitled to Qualified Immunity.**

In the qualified immunity context, to survive a motion to dismiss, a plaintiff must plead facts that show both that a constitutional violation occurred and that the right at issue was clearly established. *Linden v. City of Southfield*, 75 F.4th 597, 602 (6th Cir. 2023).

The Amended Complaint asserts two (2) §1983 claims against Defendant Murphy. First, it alleges that Defendant Murphy violated Plaintiff's Equal Protection rights by discriminating against her on the basis of her sex.[7] Second, it alleges that Defendant Murphy violated her due process rights by denying her request for a hearing to clear her name.[8]

With respect to Plaintiff's sex discrimination claim, the Amended Complaint does not allege that Defendant Murphy violated her constitutional rights. Rather, it repeatedly attributes Plaintiff's allegedly unlawful treatment and termination collectively to SCBOE's Board Members.

[7] *See* Doc. 15; PageID 99; Plaintiff's First Amended Complaint and Jury Demand.
[8] *See* Doc. 15; PageID 104; Plaintiff's First Amended Complaint and Jury Demand.

Nor does the Amended Complaint allege facts supporting a reasonable inference that Defendant Murphy acted with discriminatory intent because of Plaintiff's sex. At most, Plaintiff alleges that Defendant Murphy was difficult to work with and may have engaged in unspecified misconduct. Even accepted as true, those allegations do not show that Defendant Murphy treated Plaintiff adversely because she is a woman. Because the Amended Complaint does not plausibly allege that Defendant Murphy intentionally discriminated against Plaintiff based on sex, it fails to allege an underlying constitutional violation by Defendant Murphy.

With regard to Plaintiff's name-clearing claim, Defendant Murphy did not and could not have unilaterally denied Plaintiff's request for a name clearing hearing. Even the Amended Complaint alleges that the entire Board denied her request for a name clearing hearing. Plaintiff cites *Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2009) to ostensibly substantiate her argument that name-clearing claims can be brought against individual members of an elected body even when the entire body voted to take the unconstitutional challenged action. Plaintiff's reliance on *Gunasekera* is misplaced because the situation in *Gunasekera* did not require the Sixth Circuit to analyze whether a name-clearing claim could be brought against individual members of an elected body, as the *Gunasekera* court only resolved what type of hearing was legally required and whether the hearing must be public. *Id.* at 469.

Accordingly, Defendant Murphy is entitled to qualified immunity because the Amended Complaint does not contain allegations, which , even if true, would demonstrate that she violated any of Plaintiff's clearly established constitutional rights.

## III. CONCLUSION

For the foregoing reasons, all claims asserted against Defendants should be dismissed in their entirety with prejudice.

Respectfully submitted,

**SPENCE PARTNERS**

By: /s/ Jarrett M.D. Spence
Robert L. J. Spence, Jr. (BPR #12256)
Jarrett M.D. Spence (BPR #034577)
Cotton Exchange Building
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
jspence@spencepartnerslaw.com

*Attorneys for Defendant Shelby County Board of Education and Towanna Murphy*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served electronically and/or via U.S. mail, postage pre-paid, to the following:

Johnathan F. Austin
Austin Law, P.C.
115 Richard Arrington Jr. Blvd. North, Suite 207
Birmingham, Alabama 35203

This 7th day of August, 2026.

/s/ Jarrett M.D. Spence