**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**DR. MARIE N. FEAGINS,**

    **Plaintiff,**

**v.**                                   **Case No:2:26-cv-02292-BCL-atc**

                                           **JURY DEMANDED**

**SHELBY COUNTY BOARD OF EDUCATION
d/b/a MEMPHIS-SHELBY COUNTY SCHOOLS;
and TOWANNA MURPHY, in her individual
capacity,**

    **Defendants.**

---

**SCHEDULING ORDER**

---

Pursuant to written notice, a scheduling conference was held on August 4, 2026.  Present were   Jarrett M.D. Spence, counsel for Defendants Shelby County Board of Education and Towanna Murphy, and Johnathan F. Austin, counsel for Plaintiff Dr. Marie N. Feagins.  At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: August 10, 2026

**MOTIONS TO JOIN PARTIES**:  October 12, 2026

**MOTIONS TO AMEND PLEADINGS**:  October 12, 2026

**MOTIONS TO DISMISS**: November 13, 2026

**ALTERNATIVE DISPUTE RESOLUTION**:

    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**  November 20 , 2026

(within 12 weeks after the scheduling conference)

Mediator must file Mediation Certification Form:

https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

**(a)**    SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:

MEDIATOR'S NAME:
STIPULATION FILING DATE:  August 18, 2026

**COMPLETING ALL DISCOVERY**[1]:  April 9, 2027

**(a)    DOCUMENT PRODUCTION AND INTERROGATORIES** : April 9, 2027

**(b)    DEPOSITIONS AND REQUESTS FOR ADMISSIONS**:    April 9, 2027

**(c)    EXPERT WITNESS DISCLOSURES (Rule 26):**

**(1)    DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION**:  February 9, 2027

**(2)    DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION**:  March 9, 2027

**(3)    EXPERT WITNESS DEPOSITIONS**:  April 9, 2027

**MOTIONS TO EXCLUDE EXPERTS/<u>DAUBERT</u> MOTIONS**: May 7, 2027

**FILING DISPOSITIVE MOTIONS**: May 7, 2027

**MOTIONS IN LIMINE:** September 7, 2027

**JOINT PROPOSED PRETRIAL ORDER:** October 14, 2027

The Joint Proposed Pretrial Order shall be prepared in accordance with the template available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court). In addition to being filed, the Joint Proposed Pretrial Order shall be emailed in Word format to: ECF_Judge_Lea@tnwd.uscourts.gov.

**JOINT TRIAL PLAN AND EXHIBIT LIST:** October 14, 2027

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

The Joint Trial Plan and Joint Exhibit List should be prepared in accordance with the templates available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court).

**INDIVIDUALLY FILED WITNESS LISTS AND DEPOSITION DESIGNATIONS (AND OBJECTIONS THERETO AND COUNTER DESIGNATIONS):** October 14, 2027

Each party shall separately file its own witness list and deposition designations after conferring with the opposing party or parties concerning their positions, which shall be noted in the filings.

1. The **witness list** should indicate who will be called, in the absence of reasonable notice to the contrary, and those witnesses who only may be called. For each witness, the party calling the witness shall (1) provide a brief description of the subject matter and substance of the testimony and (2) identify those witnesses being called as expert witnesses. Any objection to a witness's testimony in general shall be noted in the witness list.

2. The **deposition designations** shall indicate those witnesses who will appear by deposition. The designating party shall: (1) identify the witness, (2) provide a brief explanation of the subject matter and substance of the testimony, (3) cite the inclusive pages and lines to be presented (and only those pages and lines), and (4) indicate whether the testimony will be offered in video form. Any objections to such testimony shall be noted, including the pages and lines. The filing shall similarly set out any counterdesignations.

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM, OR PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS APPLICABLE:** October 14, 2027

The parties need not agree on each proposed jury instruction, but they shall file their proposed jury instructions and verdict forms, including substantive claims and defenses, in a single joint filing. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Language proposed only by a plaintiff shall be underlined. Language proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority.

In addition to filing the joint jury instructions and verdict form on CM/ECF, the parties shall submit that filing, in Word format, via email to ECF_Judge_Lea@tnwd.uscourts.gov, by the specified deadline set forth above.

**PRETRIAL CONFERENCE DATE:** October 21, 2027

**TRIAL MEMORANDA:** Each party shall submit a trial memorandum by October 18, 2027

**JURY TRIAL:** November 1, 2027

Trial is anticipated to last approximately 5 days.  The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

The Parties discussed the need for and the existence of electronically stored information ("ESI") in this case. They believe that there exists a manageable amount of relevant ESI, such that it may be produced in electronic form (.pdf format unless otherwise specifically requested, any .xls or .xlsx files will be produced in native format). The Parties' will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the Parties' reach an agreement, and the Court approves the Parties' e-discovery plan. The Parties further agree to take all steps reasonably necessary to retain all discoverable ESI and prevent spoliation. (See ECF No. 17 at PageID 69.)

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All written discovery, including requests for admissions, must be filed sufficiently in advance of the deadline to complete discovery to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 36, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

**Pursuant to Federal Rule of Civil Procedure 16(b)(4), the scheduling order may only be modified for good cause and with this Court's consent. Good cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence. Potential prejudice to the nonmoving party is also evaluated when considering a**

**motion to extend deadlines.**

*This order has been entered after consultation with the parties.*

**IT IS SO ORDERED,** this 12th day of August 2026.


_s/Brian C. Lea_____
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE