**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN SECTION**

---

**DR. MARIE N. FEAGINS**

**Plaintiff,**

**v.** **Case No.: 2:26-cv-02292-BCL-atc**

**JURY DEMANDED**

**SHELBY COUNTY BOARD OF EDUCATION d/b/a MEMPHIS-SHELBY COUNTY SCHOOLS; and TOWANNA MURPHY, in her individual capacity,**

**Defendants.**

---

**ORDER GRANTING DEFENDANT TOWANNA MURPHY'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF HER MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY**

---

Before the Court is Defendant Towanna Murphy's Motion to Stay Proceedings Pending Resolution of Her Motion to Dismiss Based on Qualified Immunity. Having considered the Motion to Stay, Plaintiff Marie N. Feagins' Response in Opposition, the record, and the applicable law, the Court finds that the Motion is well taken.

Accordingly, the Court concludes that a limited stay is warranted to preserve Defendant Murphy's asserted immunity from suit while allowing proceedings unrelated to the claims against her to continue where they can do so without burdening or circumventing that immunity.

It is therefore **ORDERED** as follows:

**First**, Defendant Murphy's Motion to Stay Proceedings Pending Resolution of Her Motion to Dismiss Based on Qualified Immunity is **GRANTED**.

**Second**, until the Court enters a subsequent Order resolving Defendant Murphy's pending Motion to Dismiss, the following matters are **STAYED**:

- all written discovery directed to Defendant Murphy;
- any deposition of Defendant Murphy, whether sought in her capacity as a party or as a witness;
- all discovery directed to any person or entity to the extent that such discovery concerns the individual-capacity claims asserted against Defendant Murphy, her conduct underlying those claims, or her entitlement to qualified immunity; and
- all case-management, disclosure, discovery, pretrial, and other litigation deadlines that require Defendant Murphy's participation as a party.

**Third**, Defendant Murphy shall not be required, during the stay, to answer discovery, produce documents, sit for a deposition, participate in depositions or discovery conferences, submit disclosures, or otherwise participate in discovery concerning the stayed claims.

**Fourth**, proceedings concerning claims asserted solely against Defendant Shelby County Board of Education may continue only to the extent those proceedings do not require Defendant Murphy's participation and do not seek discovery concerning the individual-capacity claims against Defendant Murphy or her qualified-immunity defense.

The Court notes counsel for Ms. Murphy concurrently represents the schools. Plaintiff has filed no objection to this representation. Pursuant to Local Rule 7.2(a)(2), a party's failure to file a response or objection to a non-dispositive motion constitutes consent to the granting of the motion.

**IT IS SO ORDERED**, this 2nd day of September 2026.

*s/Brian C. Lea*
BRIAN C. LEA

UNITED STATES DISTRICT JUDGE