**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **DR. MARIE N. FEAGINS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SHELBY COUNTY BOARD OF EDUCATION d/b/a MEMPHIS-SHELBY COUNTY SCHOOLS**, and **TOWANNA MURPHY**, in her individual capacity,<br><br>*Defendants.* | CASE NO.: 2:26-cv-02292-BCL-atc<br><br>**JURY DEMAND** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Dr. Marie N. Feagins ("Plaintiff" or "Dr. Feagins"), proceeding pro se, submits this Memorandum of Law in support of her Motion for Leave to File Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1. Plaintiff filed her First Amended Complaint on May 27, 2026 (ECF No. 15). The proposed Second Amended Complaint, attached to the Motion as Exhibit 1, narrows the parties and claims while pleading with greater factual specificity Plaintiff's remaining claims under Title VII of the Civil Rights Act of 1964.

## I. INTRODUCTION

Plaintiff seeks leave to file a Second Amended Complaint that narrows this action and more specifically pleads the factual basis for the remaining Title VII claims.

The First Amended Complaint asserted Title VII claims against SCBOE and claims under 42 U.S.C. § 1983 against SCBOE and Towanna Murphy. The proposed Second

Amended Complaint removes Murphy as a defendant, eliminates the § 1983 claims, and proceeds against SCBOE alone on Plaintiff's Title VII claims for sex discrimination, retaliation, and hostile work environment.

The proposed pleading also incorporates and clarifies facts bearing upon those claims, including Plaintiff's complaints of sex-based disparate treatment and hostile working conditions; SCBOE's knowledge of those complaints before the termination proceedings; SCBOE's treatment of Plaintiff in comparison with SCBOE's treatment of male Superintendent Dr. Joris Ray and its replacement of Plaintiff with male Superintendent Roderick Richmond; communications and planning concerning Plaintiff's termination and anticipated successor before completion of the public termination proceedings; Plaintiff's response to the allegations against her and the consideration given to that response; the grounds advanced for termination; and the post-employment conduct alleged to constitute retaliation.

The amendment does not introduce an unrelated dispute or expand the case through new claims or defendants. It narrows the legal claims and parties and permits the remaining Title VII claims to be adjudicated on a more complete and precise pleading. Leave should therefore be granted under Rule 15(a)(2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, when amendment is no longer available as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."

The Supreme Court has instructed that this mandate is to be applied liberally. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of undue delay, bad faith or dilatory motive,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility, or another sufficient reason, leave should be freely given. *Foman*, 371 U.S. at 182. The Sixth Circuit likewise recognizes Rule 15(a)(2)'s liberal policy favoring amendment. *Morse v. McWhorter*, 290 F.3d 795, 800–01 (6th Cir. 2002). A proposed amendment is futile when it could not withstand a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Local Rule 15.1 requires a motion to amend to include as an appended exhibit the signed proposed amended pleading, and the proposed pleading must reproduce the entire pleading as amended. Plaintiff submits the complete signed proposed Second Amended Complaint as Exhibit 1.

## III. ARGUMENT

The proposed Second Amended Complaint materially narrows the case. Plaintiff no longer asserts claims under 42 U.S.C. § 1983 and no longer names Towanna Murphy as a defendant. The proposed pleading proceeds solely against SCBOE under Title VII.

Plaintiff retains the Title VII theories already pleaded against SCBOE—sex discrimination, retaliation, and hostile work environment—but pleads additional factual detail concerning those claims. Among other matters, the proposed pleading clarifies Plaintiff's complaints during her employment that she was being subjected to gender-biased treatment, unequal scrutiny, and hostile working conditions; the communications establishing SCBOE's knowledge of those complaints; the timing and development of the termination effort; the advance preparation of termination and succession communications; Plaintiff's response to the asserted grounds for termination; SCBOE's treatment of male Superintendent Dr. Joris Ray and its replacement of Plaintiff with male Superintendent Roderick Richmond; and the explanations

offered for Plaintiff's termination.

The proposed pleading also includes later-occurring facts relevant to the Title VII retaliation claim and the injuries Plaintiff alleges resulted from SCBOE's conduct. Those allegations do not create a separate cause of action. They are pleaded as part of the factual basis for the Title VII claims asserted against SCBOE. These changes sharpen the issues for adjudication rather than enlarge them.

**A. Leave to amend is warranted under Rule 15(a)(2)**

Plaintiff seeks amendment within the time permitted by the Court's scheduling order (ECF No. 27) for amending pleadings. The Motion is therefore governed by Rule 15(a)(2)'s liberal standard for amendment. The proposed amendment presents no basis for denying leave under Rule 15(a)(2). Plaintiff seeks to place before the Court a complete pleading that narrows the defendants and causes of action and more specifically alleges the facts supporting the remaining Title VII claims.

The amendment is not sought in bad faith or for a dilatory purpose. It eliminates claims rather than adding unrelated legal theories and does not add a party. Nor does it alter the essential employment dispute underlying this action. SCBOE has been the principal defendant from the outset, and the proposed Title VII claims concern the same employment relationship, alleged discriminatory and retaliatory treatment, termination, severance decision, and related conduct already placed at issue. The greater factual detail in the proposed pleading also reflects information developed as the case has progressed, including through depositions, communications, and other materials obtained after the First Amended Complaint was filed. Plaintiff seeks to incorporate that developed factual record while narrowing, rather than expanding, the legal claims presented for adjudication.

The amendment likewise will not subject SCBOE to undue prejudice. In evaluating prejudice, the Sixth Circuit considers whether an amendment would require significant additional discovery or trial preparation or substantially delay resolution of the case. *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Discovery remains open until April 9, 2027, under the Court's scheduling order. The additional allegations concern the same employment relationship, witnesses, Board conduct, and employment decisions already at issue. Plaintiff does not seek to add a defendant or assert a new cause of action. Instead, the proposed amendment removes Murphy as a defendant and eliminates the § 1983 claims. Given the scope of the amendment and the time remaining for discovery, Plaintiff does not anticipate that the amendment will require substantial additional discovery or delay the existing schedule. These circumstances weigh against a finding of undue prejudice. See *Morse*, 290 F.3d at 800–01.

Nor is the proposed amendment futile. An amendment is futile only when the proposed pleading could not withstand a motion to dismiss under Rule 12(b)(6). Rose, 203 F.3d at 420. The proposed Second Amended Complaint pleads detailed facts supporting Plaintiff's remaining Title VII claims, including her complaints of sex-based disparate treatment and hostile working conditions, SCBOE's knowledge of those complaints, the employment actions at issue, the circumstances surrounding the termination process, SCBOE's treatment of male Superintendent Dr. Joris Ray and its replacement of Plaintiff with male Superintendent Roderick Richmond, facts bearing on discriminatory and retaliatory motive and pretext, and the post-employment conduct alleged to constitute retaliation. At this stage, the question is whether the proposed pleading states plausible claims for relief, not whether Plaintiff will ultimately prove those allegations.

SCBOE's pending timeliness argument does not establish futility. Title VII permits suit

within ninety days after the claimant receives notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The proposed Second Amended Complaint alleges that Plaintiff first received the operative EEOC electronic notice on December 19, 2025, denies that she received legally sufficient notice before that date, and alleges that she filed this action on March 19, 2026, the ninetieth day after receipt. A limitations defense supports dismissal under Rule 12(b)(6) only when the allegations on the face of the complaint establish that the action is untimely. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Where, as here, the pleaded receipt date makes the action timely, Plaintiff may later be required to substantiate that allegation, but the factual dispute is not resolved against her at the pleading stage. *Rembisz v. Lew*, 830 F.3d 681, 682–83 (6th Cir. 2016).

The proposed pleading also alleges facts permitting a reasonable inference of discrimination and retaliation, including Plaintiff's replacement by a man, advance succession planning, contemporaneous complaints expressly tied to sex and the treatment afforded her male predecessor, SCBOE's knowledge of those complaints, subsequent adverse action, and identified post-employment conduct. A Title VII plaintiff is not required to plead every element of the *McDonnell Douglas* prima facie case to survive dismissal. *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012).

Allowing the amendment will therefore permit the remaining dispute to proceed on the pleading that most accurately states Plaintiff's claims and the factual basis for them.

**B. Upon filing of the Second Amended Complaint, the pending motions directed to the First Amended Complaint should be denied as moot.**

The pending motions to dismiss are directed to the First Amended Complaint. The proposed Second Amended Complaint materially changes the operative pleading by removing Murphy as a defendant, eliminating all § 1983 claims, and revising the factual allegations

supporting the remaining Title VII claims against SCBOE.

If the Court grants leave and Plaintiff files the Second Amended Complaint, the Second Amended Complaint will supersede the First Amended Complaint. See *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). The Sixth Circuit has recognized the general rule that filing an amended complaint moots pending motions to dismiss directed to the superseded pleading, while acknowledging the district court's discretion in appropriate circumstances to apply a pending motion to portions of an amended complaint that remain substantially identical. Id. Because the proposed Second Amended Complaint removes Murphy as a defendant, eliminates all claims under 42 U.S.C. § 1983, and materially revises the factual allegations supporting the remaining Title VII claims, Plaintiff respectfully requests that the pending motions directed to the First Amended Complaint be denied as moot, without prejudice to SCBOE's right to answer, move, or otherwise respond to the Second Amended Complaint as permitted by the Federal Rules of Civil Procedure and any applicable order of the Court.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to File Second Amended Complaint and permit Plaintiff to file the proposed Second Amended Complaint attached as Exhibit 1.

Respectfully submitted,

Dr. Marie N. Feagins
Plaintiff, Pro Se
110 Lee Road 573
Smiths, AL 36877
Telephone: 401-859-1443
Email: mariefeagins@gmail.com